UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 2:91 CR 3 |
| ) | |
| ROBERT M. LEVINE  ) | |

## OPINION and ORDER

Before the court is the motion of defendant Robert M. Levine, via appointed counsel, for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 38.) For the reasons that follow, the motion is denied.

**I.     BACKGROUND**

In 1991, defendant was charged with orchestrating the murder of his brother and sister-in-law, and the attempted murder of his nephew, over a family business dispute. *United States v. Levine,* 5 F.3d 1100, 1102 (7th Cir. 1993). Amongst the many horrible aspects of defendant's crime was the fact that he requested the hitman kill his family members in a certain order (first his nephew, then his sister-in-law, and finally his brother) so that defendant would stand to inherit his brother's property. *Id.* at 1104. Defendant picked the particular date of the crime because he knew his nephew, a recent law school graduate who lived out of state, would be home to be sworn into the Illinois bar that day. *Id.*

Though the hitman was only able to injure defendant's nephew via pistol-whipping, he killed both defendant's brother and sister-in-law with gunshot wounds. *Id.* After the hitman began cooperating with authorities, defendant became a fugitive,

renting property under various aliases across the country. *Id.* at 1106. He and his wife eventually settled near the Mexican border, where they spent their "evenings on the beach, drinking wine and watching the sunset." *Id.* at 1106. Defendant eventually surrendered after four months in hiding. *Id.* at 1107. A jury convicted defendant of his crimes, and Judge Rudy Lozano sentenced him to life in prison. *Id.* Defendant maintains his innocence to this day.

Defendant has now moved, pursuant to Section 3582(c) and Section 603 of the First Step Act, for "compassionate release." (DE # 38.) Defendant is 78 years old. (*Id.* at 7.) He sets forth numerous health problems, most notably advanced heart disease, Non-Hodgkin's B-Cell Lymphoma that is in remission, rheumatoid arthritis, and an "unspecified lung condition" that could be lung cancer. (*Id.* at 7.) The Government opposes the request for compassionate release.

## II.     ANALYSIS

### A.     Exhaustion

Section 3582(c)(1)(A)(i) requires a defendant to exhaust all remedies with the Bureau of Prisons before moving for compassionate release. Specifically, an inmate may file a request with a district court after receiving a BP-11 response, a denial from the General Counsel, or the lapse of 30 days from the receipt of a request for compassionate release by the warden of the inmate's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1). In this case, no argument is made that defendant failed to exhaust administrative remedies, and the court perceives no such barrier either.

**B.      Compassionate Release Analysis**

The court is authorized to reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Also, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commision." *Id.* The relevant Sentencing Guidelines policy statement, Section 1B1.13, provides that the court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Finally, the court should consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13.

   *1.      Extraordinary and Compelling Reasons*

Application Note 1 to U.S.S.G. § 1B1.13 defines an "extraordinary and compelling" situation as one involving a prisoner who has "a serious . . . medical condition that substantially diminishes the ability . . . to provide self-care within the environment of the correctional facility." U.S.S.C. § 1B1.13 App. Note 1(A)(ii). Further, "extraordinary and compelling" circumstances may exist where: "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.C. § 1B1.13 App. Note 1(B).

Defendant argues that his medical conditions and age satisfy these provisions. He sets forth numerous health problems, most notably advanced heart disease, Non-

Hodgkin's B-Cell Lymphoma that is in remission, rheumatoid arthritis, and lung disease that could be lung cancer. While defendant's health is far from perfect, the court is hesitant to conclude that defendant is substantially diminished in his ability to provide self-care at this time. Other district courts have concluded that individuals with a variety of debilitating conditions failed to demonstrate a substantially diminished ability to provide self-care. *See, e.g., United States v. Lynn*, No. 89-0072-WS, 2019 WL 3082202, at *1 (S.D. Ala. July 15, 2019) (defendant with cardiac, kidney, enlarged prostate, and other conditions did not possess substantially diminished ability to provide self-care); *United States v. Bunnell,* No. CR14-00119-001-PHX-DGC, 2019 WL 6114599 (D. Ariz. Nov. 18, 2019) (defendant "suffers from arthritis, sciatica, bulging lumbar discs 2-5, scoliosis, and degenerative disease causing central stenosis in his spine," and is confined to a wheelchair, but none are terminal illnesses or substantially diminish ability to provide self-care within the environment of a correctional facility); *United States v. Clark,* 3:13-cr-163-FDW-1, 2019 WL 1052020, at *3 (W.D.N.C. Mar. 5, 2019) (defendant suffering from declining health, diabetes, kidney failure, and back problems requiring a walker did not demonstrate that condition substantially diminished ability to provide self-care within the corrections environment or that she was not expected to recover).

      The court is also skeptical that defendant is suffering a "serious deterioration" in physical or mental health because of the aging process. While defendant appears to have health conditions such as rheumatoid arthritis that likely require regular

4

monitoring by medical professionals, his lymphoma is presently in remission, and the presence of cancer in his lungs is, at this point, an unconfirmed possibility. Further, while he has some other health complaints generally associated with the aging process, the court "is not convinced that ordinary geriatric ailments . . . rise to the level of" serious deterioration warranting compassionate release. *United States v. Mitchell,* No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020) (denying relief).

Despite all of the above analysis, however, the court assumes for purposes of this opinion that defendant qualifies under some part or parts of Application Note 1, because (as explained in more detail below), a balance of all factors demonstrates that compassionate release is not warranted in any event.

    2.    *Danger to Society*

Next, the court considers whether defendant would present minimal danger if released. U.S.S.G. § 1B1.13; 18 U.S.C. § 3142(g). Defendant argues that, due to all of the medical conditions outlined above, he would present no danger to society if released from prison. The court largely agrees with defendant's personal assessment on this point, though it is worth noting that murder-for-hire requires little physical agility or youth to be effectuated, and defendant is clearly mentally capable of forming detailed strategies. In any event, the court may assume, for purposes of this opinion, that defendant would present minimal danger to society if released because, as explained below, it makes no difference; competing factors prevent this court from granting defendant's motion, regardless.

5

      3.    *Section 3553(a) Factors*

Even if the court determined that defendant's conditions constituted an extraordinary and compelling reason for a sentence reduction *and* that he would present a minimal danger to society if he were released, the court would still be required to consider the factors of Section 3553(a) in exercising its discretion. 18 U.S.C. § 3582(c)(1)(A)(i). Section 3553(a) states:

> (a) Factors to be considered in imposing a sentence.—The court shall consider–
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for--
>
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]
>
> (5) any pertinent policy statement guidelines [issued by the Sentencing Commission ...;]

>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In this case, a consideration of relevant Section 3553(a) factors weighs in favor of not granting defendant's petition for compassionate release. The nature and circumstances of the offense are paramount, in this case. Defendant orchestrated the murder of his brother and sister-in-law, and the attempted murder of his nephew. As Judge Lozano stated at defendant's sentencing, "there's no way to measure the actual extreme harm, anguish, emotional stress that has been caused to [his nephew] and others that have been affected." (Sentencing Tr. 3884.) Judge Lozano further described defendant's crime as a "very heinous and very gruesome crime" that was "by far the most gruesome that I have had in my legal career." (*Id.* at 3878.) There are perhaps few crimes more offensive and heartbreaking than the murder of one's own family members. The seriousness of the offense, in this case, cannot be overstated.

Further, society would benefit from defendant continuing to serve his life sentence, as defendant will not be able to engage in further horrific acts or otherwise cause additional torment to his nephew. Requiring defendant to complete his sentence also has deterrent value, both for defendant as well as others. Finally, requiring defendant to continue to serve his life sentence would promote respect for the law and provide just punishment for defendant's offense. This is especially true in this case

7

because defendant has failed to accept any responsibility for his actions. Judge Lozano commented at sentencing, "I have not detected any remorse. I have not detected any acceptance of responsibility." (Sentencing Tr. 3881.) Nothing has changed, as defendant still maintains that he was wrongfully convicted. "Compassionate release was not intended to reward such unrepentant defendants." *United States v. Lisi,* No. 15 CR. 457 (KPF), 2020 WL 881994, at *6 (S.D.N.Y. Feb. 24, 2020), reconsideration denied, No. 15 CR. 457 (KPF), 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020).

    4.    *Summary*

As the court considers all of the factors outlined above, it is guided by the principle that compassionate release is an extraordinary event. *White v. United States,* 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (compassionate release due to medical conditions is "a rare event"); *United States v. Clark,* 3:13-cr-163-FDW-1, 2019 WL 1052020 (W.D.N.C. Mar. 5, 2019) (denying relief, which is "extraordinary"); *United States v. Gutierrez,* No. CR 05-0217 RB, 2019 WL 1472320 (D.N.M. Apr. 3, 2019) (same); *United States v. Casey,* No. 1:06 CR 00071, 2019 WL 1987311 (W.D. Va. May 6, 2019) (same). This case is extremely sad, for a number of reasons. But defendant's situation is not extraordinary, as evidenced by an examination of all of the circumstances detailed in this opinion.

Further, when the court considers the relevant Section 3553(a) factors, the court concludes that compassionate release is not appropriate. Though the court assumes defendant would present minimal danger upon release, and though defendant has

8

physical challenges and appears to require assistance and medical attention in some aspects of his life while incarcerated, the court is of the opinion that defendant is adequately capable of navigating prison life for the time being. Further, after weighing defendant's conditions and albeit limited ability to navigate prison life against considerations such as the severity of his crimes, the court declines to exercise its discretion to order defendant's release.

The court's decision rests significantly on the reprehensible and serious nature of defendant's crime, as did Judge Lozano's decision to impose a life sentence in the first place. Further, when Judge Lozano decided to impose a life sentence, he no doubt contemplated defendant serving out the remainder of his life, even at advanced ages, in prison. *United States v. Kincaid,* No. 06-30073, 2020 WL 1874113, at *4 (C.D. Ill. Apr. 15, 2020) (declining to order compassionate release due to severity of crime and defendant's lack of remorse, noting that "the choices we make during our lifetimes will sometimes make it difficult in the end"). This court will not upset that decision without the just cause required by law. For all the reasons set forth above, just cause does not exist in this case.

### III. CONCLUSION

For the foregoing reasons, defendant's motion under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act is **DENIED**. (DE # 38.)

**SO ORDERED.**

Date: May 19, 2020

<u>s/James T. Moody</u>
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT